■ In the Matter of FABIAN J., a Person Alleged to be a Juvenile Delinquent, Appellant. [960 NYS2d 94]—

Order of disposition, Family Court, Bronx County (Jeanette Ruiz, J.), entered on or about January 4, 2012, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, and two counts of menacing in the third degree, and placed him on enhanced supervision probation for a period of 12 months, unanimously modified, on the law, to the extent of vacating the menacing finding under the fifth count of the petition and dismissing that count, and otherwise affirmed, without costs.

We reject appellant's arguments concerning the sufficiency and weight of the evidence supporting the "aided by another person actually present" (Penal Law § 160.10 [1]) element of second-degree robbery (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. The evidence supports the inference that a second person, acting at appellant's direction, took part in the robbery by placing himself where he could intimidate the victim and be ready to render immediate assistance to appellant (*see e.g. People v Stokes*, 278 AD2d 18 [2000], *lv denied* 96 NY2d 763 [2001]).

The fifth count of the petition was jurisdictionally defective. The factual allegations described a contingent threat of possible future harm, which did not constitute third-degree menacing (*see* Penal Law § 120.15). Concur—Mazzarelli, J.P., Acosta, Freedman, Richter and Gische, JJ.